IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEW LIFE EVANGELISTIC CENTER, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:05cv01449(RJL) |
| MICHAEL O. LEAVITT, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants Michael O. Leavitt and Stephen Perry, in their official capacity as Secretary of the United States Department of Health and Human Services ("HHS") and Administrator of General Services ("GSA") by and through their undersigned attorneys, respectfully submit the following answer to plaintiff's Complaint for Declaratory and Injunctive Relief ("the Complaint").

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff lacks standing to maintain this action.

**THIRD DEFENSE**

The Court lacks jurisdiction over the subject matter of this action.

**FOURTH DEFENSE**

The Complaint does not present a justiciable case or controversy.

**FIFTH DEFENSE**

This action should be dismissed for improper venue.

**SIXTH DEFENSE**

Plaintiff's claim is barred by laches.

**SEVENTH DEFENSE**

Injunctive relief will not lie against the named defendants to control their exercise of administrative judgment and discretion.

**EIGHTH DEFENSE**

In response to the numbered paragraphs of the Complaint, defendants answer by correspondingly numbered paragraphs as follows:

1. With the exception of the last sentence, this paragraph sets forth plaintiff's characterization of its action, to which no answer is required. Insofar as an answer may be deemed required, deny. As to the last sentence, Defendant GSA admits that the Abram Federal Building is under its control, but denies that it may be disposed of at any time.

2. This paragraph sets forth an averment regarding applicable law, and not an averment of fact to which an answer is required. Insofar as an answer may be deemed required, deny.

3. This paragraph sets forth plaintiff's allegation of jurisdiction and not an averment of fact to which an answer is required. Insofar as an answer is deemed required, deny.

4. This paragraph sets forth plaintiff's allegation of proper venue and not an averment of fact to which an answer is required, but insofar as an answer may be deemed required, deny.

5. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

6. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

7. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

8. Admit.

9. Admit.

10. Defendant HHS admits that Secretary Leavitt is the head of HHS, but denies that HHS exercises control over 1520 Market Street. Defendant GSA admits Administrator Perry is the head of GSA, and that GSA exercises control over 1520 Market Street.

11. This paragraph contains plaintiff's characterization and interpretation of a federal statute, Title V of the McKinney-Vento Homeless Assistance Act, 42 U.S.C. § 11411, to which no answer is required, but insofar as an answer may be deemed required, deny. Defendants respectfully refer the Court to the text of the referenced statute for a complete and accurate statement of its contents.

12. This paragraph contains plaintiff's characterization and interpretation of certain federal statutory provisions, 42 U.S.C. § 11411(a) and (b), to which no answer is required, but insofar as an answer may be deemed required, deny. Defendants respectfully refer the Court to the text of the referenced statutory provisions for a complete and accurate statement of their contents.

13. This paragraph contains plaintiff's characterization and interpretation of a federal statute and its implementing regulation to which no answer is required. Insofar as an answer may be deemed required, deny. Defendants refer the Court to the text of the cited statute and

regulation for a complete and accurate statement of their contents. The cited statute has been recodified at 40 U.S.C. § 550 *et seq.*, and the cited regulations can now be found at 41 C.F.R. § 102-75.550 *et seq.*

14. This paragraph sets forth plaintiff's characterization and interpretation of certain federal statutory provisions, 42 U.S.C. § 11411(b)(1), § 11411(c), and § 11411(c)(B), and conclusions of law drawn therefrom, to which no answer is required. Insofar as an answer may be deemed required, deny. Defendants respectfully refer the Court to the text of the cited statute for a complete and accurate statement of its content.

15. This paragraph sets forth plaintiff's characterization and interpretation of a federal statutory provision, 42 U.S.C. § 11411(e), to which no answer is required. Insofar as an answer may be deemed required, deny. Defendants respectfully refer the Court to the text of the cited statute for a complete and accurate statement of its content.

16. This paragraph contains plaintiff's characterization and interpretation of a federal statutory provision to which no answer is required, but insofar as an answer may be deemed required, denied. Defendant refers the Court to the text of 40 U.S.C. § 550 and 42 U.S.C. § 11411(f)(3)(A) for a complete and accurate statement of the applicable law.

17. Admit.

18. Admit.

19. Deny.

20. Admit.

21. Admit.

22. Admit.

23. Admit that plaintiff submitted a new application on February 14, 2005, but deny that plaintiff "thoroughly answered all ten questions" insofar as such averment implies that plaintiff's new application warranted HHS approval. Sentences 2 through 5 of this paragraph set forth plaintiff's characterization of its application to which no answer is required, but to the extent an answer may be deemed required, deny. As to sentence six, deny.

24. Defendants aver that plaintiff's application speaks for itself and is best evidence of its contents. To the extent that an answer may be deemed necessary, deny.

25. This paragraph sets forth an averment quoting and paraphrasing a statement in plaintiff's application, to which no answer is required. Defendants aver that plaintiff's application speaks for itself and is best evidence of its contents. To the extent that an answer may be deemed necessary, deny.

26. The averment in this paragraph paraphrases and quotes a statement in plaintiff's application, to which no answer is required. Defendants aver that plaintiff's application speaks for itself and is best evidence of its contents. To the extent that an answer may be deemed necessary, deny.

27. This paragraph sets forth an averment paraphrasing a statement in plaintiff's application. Defendants aver that plaintiff's application speaks for itself and is best evidence of its contents. To the extent that an answer may be deemed necessary, deny.

28. In answering the first sentence, admit. In answering the remainder of this paragraph Defendants aver that the referenced correspondence speaks for itself and is best evidence of its contents. To the extent that an answer may be deemed necessary, deny.

29. Deny.

30. Admit.

31. This paragraph constitutes plaintiff's paraphrase and quotation from the April 15, 2005 HHS decision to deny plaintiff's application. Defendants aver that the text of the HHS decision speaks for itself and is best evidence of its contents. To the extent that an answer may be deemed necessary, deny.

32. In answering the first sentence, defendants aver that the text of Mayor Slay's opposition speaks for itself and is best evidence of its contents. Insofar as an answer may be deemed required, deny. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation stated in sentence two. As to sentence three, GSA admits that certain GSA Regional officials met with Breckenridge in January 2004. Defendant GSA is without information or knowledge sufficient with which to admit or deny the remaining averments set forth in this paragraph and, therefore, denies same.

33. Admit sentence one. In answering sentence two, Defendant GSA respectfully refers this Court to the "Stipulation" dated September 14, 2005, and the Stipulation Regarding Plaintiff's Motion for Preliminary Injunction dated July 19, 2004.

34. Deny.

35. Deny.

36. Deny.

The remainder of the Complaint consists of plaintiff's request for relief to which no response is required. To the extent that a response is deemed necessary, defendants deny the allegations in subparagraphs 1. through 6. of plaintiff's request for relief and deny that plaintiff is entitled to any relief whatsoever.

Defendants deny each and every allegation of the Complaint not specifically and expressly admitted herein.

WHEREFORE, having fully answered, Defendants respectfully request that this action be dismissed and that the Court grant such other relief as it deems appropriate.

Dated: October 5, 2005.

        Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7220

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing <u>DEFENDANTS' ANSWER</u> has been delivered pursuant to the court's ECF Filing System to :

Edward T. Waters, Esquire
Feldsman Tucker Leifer Fidell LLP
2001 L Street, N.W., Second Floor
Washington, D.C. 20036

Patrick O. Boyle, Esquire
Daniel P. Boyle, Esquire
The Boyle Law Firm, LLC
755 Rue Street Francois
Florisant, Missouri, 63031

on this <u>5th</u> day of October, 2005.

/s/
MEGAN L. ROSE, N.C. Bar #28639
Assistant United States Attorney
555 4th Street, N.W. - Civil Division
Judiciary Center Building
Washington, D.C. 20530
202/514-7220