applications according to the regulation's evaluation factors and make a final decision on the application. 45 C.F.R. §§ 12a.9(e). Only when HHS approves an application, must HHS request that GSA assign the property to HHS for subsequent conveyance to the applicant. 45 C.F.R.§ 12a.10(b). Plaintiff's contention that HHS must accept the application's representations as stated is without any basis in law and has no merit.

The Complaint incorrectly alleges that Defendants HHS and GSA failed to give priority to Plaintiff's application as required by 42 U.S.C. § 11411(f)(3)(A).[8] Compl. ¶ 34a. An HHS decision to deny a Title V application precedes any consideration of competing federal needs or disposal uses. See 42 U.S.C. § 11411(f); 45 C.F.R. § 12a.9(c), (e). Under 42 U.S.C. § 11411(f) and implementing regulations, HHS is not authorized to consider other disposal venues for a Title V property unless and until the Department has approved an application, and then only under very limited conditions. 42 U.S.C. § 11411(f)(3)(A); 45 C.F.R. § 12a.10(b). The same limitation and conditions apply to GSA. Id. Once HHS has approved an application, the government must ultimately dispose of property by deed or lease under Title V unless a competing request is subsequently sustained. 42 U.S.C. § 11411(f). The purpose of 42 U.S.C. § 11411(f)(3)(A) is to ensure that when HHS has approved an application, uses that assist the homeless are afforded priority of consideration relative to other disposal venues:

> In disposing of surplus property by deed or lease under sections 541 to 555 of Title 40, [GSA] and [HHS] shall give priority of consideration to uses to assist the homeless, unless [GSA] or [HHS] determines that a competing request for the property under section 550 of Title 40 is so meritorious and compelling as to outweigh the needs of the homeless.

---

[8] Plaintiff's Complaint incorrectly cites to 40 U.S.C. § 11411(f)(3)A). Title 40 codifies sections of the Federal Property and Administrative Services Act 0f 1949.

15